# In the United States Court of Federal Claims
No. 14-167 C
(February 25, 2015)

| | |
|---|---|
| GEORGIA POWER COMPANY, | ) |
| and SOUTHERN NUCLEAR | ) |
| OPERATING COMPANY, INC. | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

*Eric B. Langley*, Balch & Bingham, LLP, Birmingham, AL, for plaintiffs. *M. Stanford Blanton, K.C. Hairston, Jason B. Tompkins,* and *Adam K. Israel*, of counsel.

*Melissa L. Baker*, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., with whom appeared *Joyce R. Branda*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Allison Kidd-Miller*, Assistant Director, for defendant. *Jane K. Taylor*, Office of the General Counsel, United States Department of Energy, Washington, D.C., of counsel.

## **ORDER**

**Merow**, *Senior Judge*

This case is the third round of litigation between the parties with regard to the government's breach of its obligation to dispose of plaintiffs' spent nuclear fuel. *See* Doc. 1 (filed Mar. 4, 2014); *Alabama Power Co., et al. v. United States*, No. 1:08-237 (Fed. Cl. filed Apr. 3, 2008); *S. Nuclear Operating Co., et al. v. United States*, No. 1:98-cv-614 (Fed. Cl. filed July 29, 1998).

On April 18, 2014, the government moved to dismiss three portions of the case, claiming that: (1) Southern Nuclear Operating Company, Inc. ("Southern") is not a proper party to the suit; (2) plaintiffs' claim for prejudgment interest is improper; and (3) plaintiffs' claim for damages between the time the lawsuit was

filed and the time of trial is improper.  *See* Doc. 7.  The issues have now been fully briefed, and the court finds as follows.

I.   **SOUTHERN AS A PLAINTIFF**

Southern has been a party to both the first and second rounds of this litigation.  The government objected to its presence in the first round case, *see Southern*, No. 1:98-cv-614, Doc. 109, but the court deferred ruling, *see id.*, Doc. 234 at 4, and ultimately determined there was no need to dismiss Southern when the government renewed its request after the trial, *see* Doc. 362 at 74.  The court did not make an affirmative determination that Southern was a proper party.

The government has again raised the issue, and insists that because Southern is not in privity with the government, it cannot participate in the litigation as a plaintiff.  *See* Doc. 7 at 5-9.

As the Federal Circuit recently noted, "[t]o have standing to sue the United States on a contract claim, a plaintiff must be in privity with it."  *Lea v. United States*, No. 2014-5100, 2014 WL 5786662, at *3 (Fed. Cir. Nov. 7, 2014) (citing *Sullivan v. United States*, 625 F.3d 1378, 1379-80 (Fed. Cir. 2010)).  "This means that the plaintiff must either be a party to the contract or 'stand[ ] in the shoes of a party within privity' as a third party beneficiary."  *Id.* (quoting *First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1289 (Fed. Cir. 1999)).

It is undisputed that Southern is not a party to the contract at issue here.  *See* Doc. 1 at 1-2 (complaint naming Georgia Power as the entity with which the government made a contract for the disposal of nuclear waste); Doc. 12 at 2 (Southern admitting it "is not a party to the Standard Contract").  Rather, Southern alleges that it is the "Georgia Power's operating agent and attorney-in-fact," *see* Doc. 1 at 1, and that it asserts claims in its "representational capacity," *see id* at 3.

Because Southern is not a party to the contract, in order to sue, it must do so as a third-party beneficiary.  As the Federal Circuit recently explained, the appropriate test for determining whether a party is a third-party beneficiary such that it has the right to sue the government, is as follows:

> In order to prove third-party beneficiary status, a party must demonstrate that the contract not only reflects the express or implied intention to benefit the party, but that it reflects an intention to benefit the party directly. . . . Third-party beneficiary status is an "exceptional

privilege" and the contracting parties' intent to create that status can generally be inferred if "the beneficiary would be reasonable in relying on the promise as manifesting an intention to confer a right on him."

*Lea*, at *4 (citations omitted).

Southern claims that the operational and administrative functions it performs for Plants Farley and Hatch amount to a "sufficient interest in the administration of the Standard Contract to give it the right to join this lawsuit in a representative capacity." *See* Doc. 12 at 3. "As the licensed operator, Southern Nuclear administers the Standard Contract," and is allegedly responsible for "possession, management, control, operation, maintenance, shutdown and decommissioning activities" at the Plant Vogtle. *See* Doc. 12 at 2-3.

Performance of these functions, however essential, simply does not speak to the intent of the contracting parties with respect to Southern. Because Southern has presented no evidence that the Standard Contract was executed for its benefit, the court has no basis on which to find that it was an intended third party beneficiary.

The government's motion to dismiss Southern as a party to this lawsuit is GRANTED.

## II. PLAINTIFFS' CLAIM FOR PREJUDGMENT INTEREST

The government next moves to dismiss plaintiffs' request for prejudgment interest pursuant to Court of Federal Claims Rule 12(b)(6). *See* Doc. 7 at 1. Plaintiffs argue that their request for prejudgment interest is not technically a claim, and therefore, is not a proper subject of a motion to dismiss. *See* Doc. 9 at 4-6. The government counters that Federal Circuit precedent weighs so heavily against plaintiffs' position that the court should foreclose recovery of prejudgment interest at the outset of the lawsuit. *See* Doc. 10 at 6-9.

The court does not see any particular benefit to deciding the legal merits of plaintiffs' request for prejudgment interest at this time. It appears unlikely that the parties will need to conduct discovery or present evidence on this issue. Consequently, the court considers it appropriate to address any arguments the parties wish to make in the final briefs.

Should the parties find it necessary to conduct discovery or present evidence relating to prejudgment interest that would require material resources, the government may move the court to resolve the question at that time.

The government's motion to dismiss the request for prejudgment interest is DENIED.

## III.    DATE RANGE FOR PLAINTIFFS' DAMAGES CLAIM

Finally, the government argues that the court should prohibit plaintiffs from seeking to recover what it calls "future damages," by which it seems to mean any damages incurred after the date the complaint was filed. *See* Doc. 7 at 10.  In response, plaintiffs claim that such a complete bar does not exist, pointing to the earlier round of this litigation in which plaintiffs filed the complaint in 2008, but recovered damages incurred into 2010.  *See* Doc. 9 at 6. According to the government, the Federal Circuit's decision in *Indiana Michigan Power Co. v. United States*, 422 F.3d 1369 (Fed. Cir. 2005), should be read to prohibit this strategy.  *See* Doc. 10 at 9-10.

It is clear from a careful read of the *Indiana Michigan* decision that what the Federal Circuit meant to prohibit was not necessarily the recovery any amount of damage incurred after the complaint was filed, but rather, damages that require speculation.  As the Circuit explained: "Because of its highly speculative nature, a claimant may not recover, at the time of the first suit for partial breach, prospective damages for anticipated future nonperformance resulting from the same partial breach." *Indiana Michigan*, 422 F.3d at 1376.  The court then noted that the plaintiff was allowed to "obtain recovery for post-breach damages as they are incurred."  *See id.* at 1377.  So long as the damages have actually been incurred prior to recovery, they are not absolutely barred in an action for partial breach. Indeed, as plaintiffs noted, this court has previously permitted plaintiffs to recover damages that were incurred after the relevant complaint was filed.  *See, e.g., Alabama Power Co., et al. v. United States*, No. 1:08-237 (although the complaint was filed in 2008, the court awarded damages through 2010).

It is equally true, however, that it would be impractical to allow an open-ended recovery of all damages incurred up to the date of trial, particularly in cases as complex and detail-oriented as spent nuclear fuel cases.  In order to avoid the presentation of unnecessarily voluminous accounting data at the time of trial, for example, the court has ordered the parties to cooperate in an audit process in each of the first two rounds of this litigation.  It intends to the do the same in this third

4

round.  In order for that audit process to work, there must be a definite range of damages to be evaluated.

The parties are encouraged to make every effort to agree upon a sensible date range for the damages alleged in this case.  On or before April 1, 2015, the parties shall file a joint report notifying the court of the date range.  In the event that the parties are unable to agree, plaintiffs may file a motion for leave to supplement the complaint pursuant to RCFC 15(d), and explain to the court the additional damages they wish to recover and why the inclusion of those damages in this suit makes sense.

As this court has explained: "Supplementation should be allowed where post-commencement events are material to the action, consideration of those events could be accommodated with the orderly progression of the case to trial or other disposition, and supplementation would not prejudice any party. Supplementation may be limited or curtailed to avoid prejudice." *Sys. Fuels, Inc. v. United States*, 73 Fed. Cl. 206 (2006) (citing *Pac. Gas and Elec. Co. v. United States*, 70 Fed. Cl. 758, 764-65 (2006), and discussing additional spent nuclear fuel cases in which the court permitted plaintiffs to supplement the damages claim by expanding the time period for which damages were sought).  *See also Boston Edison Co. v. United States*, 658 F.3d 1361, 1365-66 (Fed. Cir. 2011) (explaining that although plaintiff Entergy Nuclear Generation Company originally filed a complaint seeking damages incurred between 1999 and 2005, it later amended the complaint to seek damages through 2008).

Once a date has been selected, the court will enter an order that will govern the audit process.  If either party wishes to change the date range at a later time, a motion for leave to do so shall be filed with the court.

The government's motion to dismiss plaintiffs' claims that relate to damages incurred after the complaint was filed is GRANTED, but the issue may be revisited upon agreement of the parties or a motion for leave to amend filed by plaintiffs.

**SO ORDERED.**

s/ James F. Merow  
James F. Merow  
Senior Judge