# In the United States Court of Federal Claims

Nos. 14-167C & 14-168C

(E-Filed: July 3, 2019)[1]

| | |
|---|---|
| GEORGIA POWER COMPANY and ALABAMA POWER COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Summary Judgment; RCFC 56; Entry of Partial Final Judgment; RCFC 54(b); Spent Nuclear Fuel. |

Alan T. Rogers, Birmingham, AL, for plaintiffs.   Adam K. Israel, of counsel.

Melissa L. Baker, Trial Attorney, with whom appeared Joseph H. Hunt, Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Lisa L. Donahue, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.   Jane K. Taylor, United States Department of Energy, of counsel.

OPINION & ORDER

CAMPBELL-SMITH, Judge.

Plaintiffs Georgia Power Company and Alabama Power Company filed complaints on March 4, 2014, alleging that defendant partially breached its contractual obligations related to the removal of spent nuclear fuel from plaintiffs' facilities.   See Georgia Power Co. v. United States, Case No. 14-167C, ECF No. 1 (complaint); Alabama Power Co. v. United States, Case No. 14-168C, ECF No. 1 (complaint).   The two cases have been consolidated for the purposes of discovery and trial.[2]   See ECF No.

---

[1]   This opinion was issued under seal on June 12, 2019.   The parties were invited to identify source selection, proprietary or confidential material subject to deletion on the basis that the material was protected/privileged.   No redactions were proposed by the parties.   Thus, the sealed and public versions of this opinion are identical, except for the publication date, this footnote and several typographical errors.

[2]   Georgia Power Co. v. United States, Case No. 14-167C, has been designated as

23 (order).   Presently before the court is plaintiffs' motion for partial summary judgment on undisputed claims and request for entry of partial final judgment pursuant to Rule 54(b) of the Rules of the United States Court of Federal Claims (RCFC), ECF No. 76. In ruling on this motion, the court has considered:   (1) plaintiffs' motion for partial summary judgment on the undisputed claims, ECF No. 76; (2) defendant's response in opposition to plaintiffs' motion, ECF No. 78; (3) the parties' joint status report, ECF No. 89; and (4) plaintiffs' corrected reply in support of its motion, ECF No. 91.

For the following reasons, plaintiffs' motion for partial summary judgment is **GRANTED in part**, as to plaintiffs' undisputed claims; and **DENIED in part**, as to their request for entry of partial final judgment pursuant to RCFC 54(b).

I.   Background

This is the third round of litigation related to defendant's continuing breach of the same agreements it entered into with plaintiffs.   See S. Nuclear Operating Co., et al. v. United States, Case No. 98-614C (filed July 29, 1998); Alabama Power Co., et al. v. United States, Case No. 08-237C (filed April 3, 2008).   Defendant entered into nearly identical Standard Contracts with each of the utilities in this case, under which defendant, through the Department of Energy (DOE), agreed to dispose of the utilities' spent nuclear fuel at Plant Vogtle Units 1 & 2 (Vogtle), the Joseph M. Farley Nuclear Plant (Farley), and the Edwin I. Hatch Nuclear Plant (Hatch).[3]   Defendant's liability for partial breach of the Standard Contract has long since been established.[4]   Defendant does not dispute, and therefore presumably would not appeal, an award on a significant portion of plaintiffs' damages claim.

---

the lead case.   As such, all electronic case filings referenced in this opinion appear on the Georgia Power docket unless otherwise stated.

[3]   In S. Nuclear Operating Co. v. United States, 77 Fed. Cl. 396 (2007), aff'd in part, vacated in part, 637 F.3d 1297 (Fed. Cir. 2011), the court wrote extensively on the contracts between the utilities and the government, and on the historical context that led to their formation.   In the interest of focusing on the new issues before the court, the discussion is not repeated in this opinion.

[4]   See S. Nuclear, 77 Fed. Cl. at 459 (holding that "the government had partially breached the Standard Contract by failing to begin accepting [spent nuclear fuel] in January 1998," and stating that "[t]here is no issue on appeal as to liability; liability in these [spent nuclear fuel] cases has been established"); see also Alabama Power Co. v. United States, 119 Fed. Cl. 615, 618 (2014).

2

In their motion for partial summary judgment on undisputed claims, plaintiffs summarize their position as follows:

> In this case, Plaintiffs seek total damages of $178,927,313 for the Government's failure to accept Plaintiffs' spent nuclear fuel for disposal pursuant to the Standard Contract. In this Motion, Plaintiffs seek pretrial resolution of $143,173,453 of those damages. The Government, having conducted a lengthy audit process, taken extensive written discovery, reviewed Plaintiffs' expert reports and supplements, and taken numerous fact and expert witness depositions, has issued its own expert reports, challenging only $35,753,861 of the total damages that Plaintiffs claim in this action.

ECF No. 76-1 at 3-4 (footnotes omitted).[5] See also id. at 5 (stating that plaintiffs' undisputed claims include "$143,173,453 in costs associated with the dry storage programs for Plants Farley, Hatch, and Vogtle"). Plaintiffs argue that they are entitled to partial summary judgment in an amount of the allegedly undisputed damages because those damages: (1) were "foreseeable in both magnitude and type," id. at 7; (2) were "caused by the Government's breach of the Standard Contract," id. at 8; and (3) have been proven "to a reasonable certainty," id. at 9. Plaintiffs ask the court to grant partial summary judgment and to enter final judgment on this portion of their claim, pursuant to RCFC 54(b), "as there is no just reason for delay." See id. at 11.

In response, the government states that it contests only a very small portion of the amount plaintiffs present as undisputed.

> Based upon the Government's extensive audit of plaintiffs' damages claim in this case, the Government does not contest that plaintiffs incurred $143,153,757 identified in plaintiffs' motion. The difference of $19,696 between the plaintiffs' proposed undisputed number, $143,173,453, and the Governments' undisputed number $143,153,757, is the amount related to capital labor costs at Plant Hatch that plaintiffs' proffered expert, Mr. Ken Metcalfe, removed from his estimate of plaintiffs' claim in his rebuttal report.

ECF No. 78 at 2 (citations and footnote omitted). Defendant "does not object to [plaintiffs'] recovery of [$143,153,757] as damages in this case." Id. at 3. Defendant does, however, oppose the entry of judgment on the undisputed portion of plaintiffs' claim, pursuant to RCFC 54(b). See id.

---

[5] The damages calculations appear to contain a $1 error, but the difference is due to defendant's expert's practice of rounding figures to the nearest dollar. See ECF No. 76-1 at 3 n.6.

After an initial review of the parties' submissions related to this motion, the court invited the parties to consider whether an amended complaint could be fashioned to satisfy defendant's concerns about the application of RCFC 54(b). See ECF No. 88 (order). In response, the parties filed a joint status report. See ECF No. 89. Therein, plaintiffs reported a willingness to amend their complaints, see id. at 2-5, and defendant objected to such a course, see id. at 5-10. The parties make essentially the same arguments in support of their positions in the joint status report as they did in their briefs.

II.     Legal Standards

According to this court's rules, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." RCFC 56(a). "[A]ll evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable factual inferences should be drawn in favor of the nonmoving party." Dairyland Power Coop. v. United States, 16 F.3d 1197, 1202 (Fed. Cir. 1994) (citations omitted).

A genuine dispute of material fact is one that could "affect the outcome" of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "The moving party . . . need not produce evidence showing the absence of a genuine issue of material fact but rather may discharge its burden by showing the court that there is an absence of evidence to support the nonmoving party's case." Dairyland Power, 16 F.3d at 1202 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). A summary judgment motion is properly granted against a party who fails to make a showing sufficient to establish the existence of an essential element to that party's case and for which that party bears the burden of proof at trial. Celotex, 477 U.S. at 324.

The Supreme Court of the United States has instructed that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. A nonmovant will not defeat a motion for summary judgment "unless there is sufficient evidence favoring the nonmoving party for [the fact-finder] to return a verdict for that party." Id. at 249 (citation omitted). "A nonmoving party's failure of proof concerning the existence of an element essential to its case on which the nonmoving party will bear the burden of proof at trial necessarily renders all other facts immaterial and entitles the moving party to summary judgment as a matter of law." Dairyland Power, 16 F.3d at 1202 (citing Celotex, 477 U.S. at 323).

4

III.   Analysis

    A.   Plaintiff Is Entitled to Partial Summary Judgment on the Undisputed Claims

The remedy available to plaintiffs for defendant's partial breach of the Standard Contracts "is damages sufficient to place the injured party in as good a position as it would have been had the breaching party fully performed." Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1373 (Fed. Cir. 2005). Specifically, "[d]amages for a breach of contract are recoverable where:  (1) the damages were reasonably foreseeable by the breaching party at the time of contracting; (2) the breach is a substantial causal factor in the damages; and (3) the damages are shown with reasonable certainty." Id. (citing Energy Capital Corp. v. United States, 302 F.3d 1314, 1320 (Fed. Cir. 2002)).

As previously noted, defendant's liability for damages associated with its partial breach is clearly established, and plaintiffs argue that the undisputed damages otherwise meet the criteria for recovery.  First, plaintiffs claim that the undisputed damages were "foreseeable in both magnitude and type." ECF No. 76-1 at 7. Specifically, they argue that defendant's breach "forced Plaintiffs to construct, operate, and maintain spent nuclear fuel dry storage facilities and programs at Plants Farley, Hatch, and Vogtle (Units 1 & 2), which would not have been necessary had the Government performed." Id. at 7-8.  This court held in the first iteration of this litigation with regard to damages related to dry storage facilities that "it was entirely foreseeable to DOE that failure to perform under the contract would result in damages of the nature and magnitude that [plaintiff] claims." S. Nuclear Operating Co. v. United States, 77 Fed. Cl. 396, 404 (2007), aff'd in part, vacated in part, 637 F.3d 1297 (Fed. Cir. 2011).

Second, plaintiffs contend that the undisputed damages were "caused by the Government's breach of the Standard Contract." ECF No. 76-1 at 8. And third, plaintiffs argue that they "have proven the $143,173,453 in undisputed damages to a reasonable certainty." Id. at 9. Specifically, plaintiffs state that as proof of damages they have "provided to the Government contracts, invoices, payment records, and thousands of pages of related documentation supporting its claimed costs, all of which have been reviewed by the Government and its experts." Id.  During discovery, plaintiffs' damages expert, Kenneth P. Metcalfe, prepared an Assessment of Damages report.  See ECF No. 76-3 at 162.  Plaintiffs identified the amount they claim to be undisputed by "comparing Plaintiffs' claimed damages, as set out in Mr. Metcalfe's expert report, the supplements to that report, and the supporting workpapers, with the Government's subsequent expert report and workpapers." ECF No. 76-1 at 10.

In response, defendant states that the "Government does not contest that plaintiffs incurred the majority of these costs due to DOE's delay." ECF No. 78 at 1. Defendant does, however, dispute a small percentage of the sum that plaintiffs assert is undisputed. Defendant explains, as follows:

> [P]laintiffs identify $143,173,453 in undisputed costs. Based upon the Government's extensive audit of plaintiffs' damages claim in this case, the Government does not contest that plaintiffs incurred $143,153,757 identified in plaintiffs' motion. The difference of $19,697 between the plaintiffs' proposed undisputed number, $143,173,453, and the Government's undisputed number, $143,153,757, is the amount related to capital labor costs at Plant Hatch that plaintiffs' proffered expert, Mr. Ken Metcalfe, removed from his estimate of plaintiffs' claim in his rebuttal report.

Id. at 2 (citations and footnote omitted). Defendant concedes that plaintiffs incurred the $143,153,757 as a result of defendant's breach, and "does not object to [plaintiffs'] recovery of this sum as damages in this case." Id. at 2-3.

In their reply, plaintiffs do not directly address the $19,697 discrepancy between the undisputed damages sum proposed by plaintiffs and the sum proposed by defendant. Instead, they appear to adopt defendant's figure, and ask that the court enter partial summary judgment in their favor in an amount of $143,153,757. See ECF No. 91 at 3 ("In other words, the Plaintiffs' Motion is due to be granted as to entitlement to $143,153,757 in undisputed costs."). Using defendant's figure, they ask that the court grant partial "summary judgment in favor of Alabama Power in the amount of $31,193,958 in undisputed damages related to Plant Farley, and in favor of Georgia Power in the amount of $111,959,799, representing $43,973,607 in undisputed damages related to Plant Hatch and $67,986,192 in undisputed damages related to Plant Vogtle (Units 1 & 2)." Id. at 14.

The court finds that, construing all evidence and reasonable factual inferences in the light most favorable to defendant, plaintiffs have demonstrated that there is no genuine dispute as to any material fact and that plaintiffs are entitled to judgment as a matter of law in the amount of $143,153,757. For these reasons, plaintiffs' motion for partial summary judgment on the undisputed portion of their claim is granted.

> B.   The Court Declines to Enter Partial Final Judgment Pursuant to RCFC 54(b)

While the parties are in accord as to the entry of summary judgment as to the undisputed portion of plaintiffs' claim, defendant strenuously objects to plaintiffs'

request that the court enter partial final judgment pursuant to RCFC 54(b). Rule 54(b) states, in its entirety, as follows:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

According to defendant, "RCFC 54(b) does not apply because the uncontested amount subject to the partial summary judgment and the remaining $35,576,375 being contested all arise from the same claim—plaintiffs' claim for partial breach of the Standard Contract." ECF No. 78 at 3; see also ECF No. 1 at 8 (complaint pleading one count of breach of contract). Defendant claims that entering partial judgment would compromise the court's ability to consider offsets due to the government, see ECF No. 78 at 5, and would risk duplicative litigation on claims that are "intertwined with the disputed portion of the claim," id. at 8.

As support for its position, defendant cites Houston Industries, Inc. v. United States, 78 F.3d 564 (Fed. Cir. 1996). See ECF No. 78 at 3. In Houston Industries, the United States Court of Appeals for the Federal Circuit explained that "in order for Rule 54(b) to apply, the judgment must be final with respect to one or more claims. The resolution of individual issues within a claim does not satisfy the requirements of Rule 54(b)." 78 F.3d at 567 (citing Liberty Mut. Ins. Co. v. Wetzel, 424 U.S. 737, 742-43 (1976)) (emphasis in original).[6] Defendant also points to a recent spent nuclear fuel decision in which this court has declined to use RCFC 54(b) in the manner advocated by plaintiffs. In Entergy Nuclear Generation Co. v. United States, 138 Fed. Cl. 317, 322 (2018), the court found that RCFC 54(b) was inapplicable because there was "a single claim [for breach of contract] at issue."

The Federal Circuit has reversed entry of partial judgment pursuant to RCFC 54(b) in the spent nuclear fuel context on at least two occasions. In both Vermont Yankee Nuclear Power Corp. v United States, 346 F. App'x 589 (Fed. Cir. 2009) and Boston Edison Co. v. United States, 299 F. App'x 956 (Fed. Cir. 2008), the Federal Circuit

---

[6] Although the Federal Circuit in Houston Industries, Inc. v. United States, 78 F.3d 564, 567 (Fed. Cir. 1996), was reviewing the applicability of Rule 54(b) of the Federal Rules of Civil Procedure, this court has noted that "RCFC 54(b) is almost identical to Fed. R. Civ. P. 54(b)." Nat'l Australia Bank v. United States, 74 Fed. Cl. 435, 438 n.3 (2006).

7

reversed the trial court's decision to enter final judgment for one plaintiff while the claims of another plaintiff remained pending, reasoning that the claims were too "intertwined" to be resolved separately.   See Vermont Yankee, 346 F. App'x at 590; Boston Edison, 299 F. App'x at 958.

     For their part, plaintiffs acknowledge that courts typically use RCFC 54(b) in cases involving multiple claims, but argue that the atypical nature of spent nuclear fuel litigation justifies a departure from this application.   See ECF No. 91 at 5.   This court has, on occasion, entered partial final judgment in cases that involve a single claim.   For example, in Entergy Nuclear Palisades, LLC v. United States, 122 Fed. Cl. 225 (2015), plaintiff sought entry of partial final judgment in a spent nuclear fuel case, and defendant opposed the request on the same grounds as it opposes plaintiffs' request here.   In Entergy, the court granted partial final judgment, reasoning that "the government's definition of 'claim' is overly restrictive, elevating form over substance, and does not comport with case law addressing similar situations."   Entergy, 122 Fed. Cl. at 228. The court continued, observing that "[t]he delay in payment is particularly problematic in this case because the plaintiffs will not be able to collect interest."   Id. at 230. Subsequently, the court followed its earlier decision in Entergy, and again entered partial final judgment for plaintiffs in the spent nuclear fuel context in the case of Connecticut Yankee Atomic Power Co., et al. v. United States, 142 Fed. Cl. 87 (2019).   See also Stockton E. Water Dist. v. United States, 120 Fed. Cl. 80 (2015) (granting partial final judgment on the cost-of-cover portion of plaintiff's claim); Bell BCI Co. v. United States, 91 Fed. Cl. 664 (2010) (granting partial final judgment on a portion of plaintiff's claims, which involved six categories of damages arising from changes and delays on one project).

     Plaintiffs also contend that the "fixed" status of the damages at issue—damages that are uncontested by defendant and therefore will not be appealed—make partial final judgment appropriate.   This point answers defendant's concern that "entering partial final judgment on a part of a single claim . . . may undermine the Court's ability to accurately account for damages in a breach of contract case."   ECF No. 78 at 5. Defendant explains that it does not foresee the need to calculate an offset here, but argues that the issue may arise in other spent nuclear fuel cases.   See id.   Plaintiffs disagree with defendant's concern, and further suggest that a ruling in this case could be appropriately cabined, arguing that "granting final judgment under the unique facts of this spent nuclear fuel case would not, as the Government suggests, create precedent with respect to unrelated, factually distinct cases before this Court."   ECF No. 91 at 9.

     The equities involved in this case do not escape the court's notice.   Defendant's liability for partial breach was established more than a decade ago, and defendant does not dispute a considerable portion—more than $143 million—of the damages at issue in


this case.   Moreover, plaintiffs will not be able to recover interest while they wait for the issuance of a judgment—to which all parties agree they are entitled.   Taken together, these circumstances result in a questionable set of incentives for defendant to work toward final resolution.   The court is also mindful, however, of the split in court decisions on this issue, as ably presented by the parties.   After much consideration, the court concludes that it cannot enter partial final judgment pursuant to RCFC 54(b). Without clear precedent resolving the ongoing disagreement as to the definition of the term "claim" as it is used in RCFC 54(b), the court hews closer to the Federal Circuit's articulated view in Houston Industries, 78 F.3d at 567, and considers the dry storage costs an individual issue within plaintiffs' claim for breach of contract.

As such, plaintiffs' request for entry of partial final judgment is denied.[7]   Absent additional guidance from the Federal Circuit, final judgment will be entered on the undisputed portion of plaintiffs' damages, in the only count of plaintiffs' complaint, at the conclusion of the case.

IV.   Conclusion

For the foregoing reasons, plaintiffs' motion for partial summary judgment and request for entry of partial final judgment, ECF No. 76, is **GRANTED in part**, as to plaintiffs' undisputed claims and **DENIED in part**, as to their request for entry of partial final judgment pursuant to RCFC 54(b).   Accordingly, the court **GRANTS** partial summary judgment in favor of each plaintiff with regard to its undisputed claims, as follows:

(1) Alabama Power:   $31,193,958 (Plant Farley); and

(2) Georgia Power:   $111,959,799 (including $43,973,607 related to Plant Hatch, and $67,986,192 related to Plant Vogtle (Units 1 & 2)).

On or before **June 26, 2019**, the parties shall **CONFER** and **FILE** a **Proposed Redacted Version** of this opinion, with any competition-sensitive or otherwise protectable information blacked out.

---

[7]   Should plaintiffs elect to seek an interlocutory appeal of the court's decision declining to enter partial final judgment, plaintiffs may file a motion to certify such an action, pursuant to 42 U.S.C. § 1292(d) (2012).

IT IS SO ORDERED.

                                              s/Patricia E. Campbell-Smith
                                              PATRICIA E. CAMPBELL-SMITH
                                              Judge